UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET G. BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>CROWLEY FLECK, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-3694-DC-JDP (PS)<br><br>ORDER |

    Margaret G. Brooks brings this action against defendants Jaci Hagfeldt, Crowley Fleck, and Izzy Lauman, three individuals residing in Montana. ECF No. 1 at 2-3. Her claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

    A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's allegations are too vague to proceed. She alleges that she has endured "decades of discriminatory abuses" and torture (whether physical or psychological is unclear) from "everyone in Chicago, Dallas, [and] Minnesota." ECF No. 1 at 5. She claims that defendants triggered her post-traumatic stress syndrome related to these events, but she does not offer any specifics. *Id.* at 5-6. A complaint must provide each defendant with adequate notice of the claims against him or her. The current complaint fails to do so, and the allegations raised therein are borderline fanciful. I will offer plaintiff one opportunity to amend and remedy these deficiencies.

Plaintiff may file an amended complaint that explains why, if at all, her claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in and of itself. It should be titled "First Amended Complaint" and be filed within thirty days of this

2

order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    January 6, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE