UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET G. BROOKS, | Case No.  2:25-cv-3694-DC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CROWLEY FLECK, *et al.* | |
| Defendants. | |

Margaret G. Brooks ("plaintiff") brings this action against several defendants residing in Illinois and Minnesota.  ECF No. 5 at 2-4.  Her amended complaint, like its predecessor, is wholly lacking in substance and deals solely in vague, hyperbolic assertions that fail to put any defendant on notice of the claims against him or her.  I now recommend that this action be dismissed for failure to state a claim and as frivolous.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff states that she is suing under "[e]very single human and constitutional rights laws including all divorce laws, laws of nature, privacy violations, [and] cyber stalking . . . ." ECF No. 5 at 4. She also claims that "multiple government employees" are plotting against her and her children, but does not identify the employees or explain the nature of their alleged plot. *Id.* at 5. Then, as best I can tell, plaintiff alleges that divorce proceedings occurring in 2016 "fraudulently [and] illegally" broke the "laws of divorce." *Id.* She neither offers context for these allegations nor explains why a challenge to nearly decade-old divorce proceedings belongs in this federal court. In an apparently unrelated claim, she alleges that a sibling of defendants Michelle and John Keefe has plotted to murder her at the Mayo Clinic. *Id.* at 6.

These allegations are vague, borderline-fanciful, and non-compliant with federal pleading standards.  I have already given plaintiff one chance to amend, and her second complaint was no closer to stating a cognizable claim than her first.  Accordingly, I now recommend that this action be dismissed for failure to state a claim and as frivolous.

Accordingly, it is hereby RECOMMENDED that:

1.  Plaintiff's First Amended Complaint, ECF No. 5, be DISMISSED without leave to amend for failure to state a cognizable claim and as frivolous.

2.  The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 1, 2026                           _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

3